FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH K.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:22-cv-03023-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> **ECF Nos. 13, 14** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 13, 14. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

grants Plaintiff's motion, ECF No. 13, and denies Defendant's motion, ECF No. 14.

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than

ORDER - 2

one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as

ORDER - 5

the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

On October 7, 2016, Plaintiff applied both for Title II disability insurance benefits and Title XVI supplemental security income benefits alleging a disability onset date of August 27, 2016. Tr. 80-81, 200-14, 1027. The applications were denied initially and on reconsideration. Tr. 130-33, 137-39. Plaintiff appeared before an administrative law judge (ALJ) on April 30, 2018. Tr. 39-79. On September 25, 2018, the ALJ denied Plaintiff's claim. Tr. 12-31. Plaintiff appealed the denial, resulting in a remand from this Court. Tr. 1108-35. Plaintiff

ORDER - 6

appeared for a remand hearing on May 25, 2021. Tr. 1053-78. A supplemental hearing was held December 2, 2021. Tr. 2035-48. On December 23, 2021, the ALJ again denied Plaintiff's claim. Tr. 1024-52.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2021, has not engaged in substantial gainful activity since August 27, 2016. Tr. 1030. At step two, the ALJ found that Plaintiff has the following severe impairments: depressive/bipolar disorder and generalized anxiety disorder. *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 1031. The ALJ then concluded that Plaintiff has the RFC to perform medium work with the following limitations:

> [Plaintiff] is limited to jobs requiring her to perform simple, routine tasks and to follow short, simple instructions. She can do work that requires little or no judgment, and she can perform simple duties that can be learned on the job in 30 days or less. She can work in an environment that is predictable and has few work setting changes; that is, a few routine and uninvolved tasks according to set procedures, sequence, and pace. There can be no requirement to set goals independently, but she can understand and follow employer set goals. She can have superficial, incidental contact with the public. She can work in proximity to but not in coordination with coworkers. She can have occasional contact with supervisors.

Tr. 1033.

ORDER - 7

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work. Tr. 1042. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as hand packager, laundry laborer, and industrial cleaner. Tr. 1043. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of August 27, 2016, through the date of the decision. *Id.*

Per 20 C.F.R. §§ 404.984, 416.1484 the ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

    1. Whether the ALJ conducted a proper step-five analysis;

    2. Whether the ALJ properly evaluated Plaintiff's symptom claims;

    3. Whether the ALJ properly evaluated lay witness evidence; and

    4. Whether the ALJ properly evaluated the medical opinion evidence.

ORDER - 8

ECF No. 13 at 2.

# DISCUSSION

### A. Step Five

Plaintiff contends the RFC set forth by the ALJ is disabling and the ALJ erred in failing to find Plaintiff was disabled from the alleged onset date onward. ECF No. 13 at 3-5. At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran*, 700 F.3d at 389. In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations. *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101.

The ALJ found Plaintiff can have only occasional contact with supervisors. Tr. 1033. In response to an interrogatory, the vocational expert initially stated the representative jobs could be performed with the hypothetical RFC posed by the ALJ, including the limitation to occasional contact with supervisors. Tr. 1396-

ORDER - 9

98. At the supplemental hearing, the expert testified that there is usually a training period, lasting up to 30 days, for the representative jobs. Tr. 2043. When asked if an individual who is limited to only occasional contact with supervisors could "make it through the training period," the expert stated, [w]ell, training periods usually – there's more than occasional contact with the supervisors because they're showing you or teaching you how to do the job." Tr. 2043-44. The expert stated in simple, routine jobs, like the hand packager job, training would likely take less than a week, and would require training directly with the supervisor for "the majority of the day" the first day or two and then training time would "wean off." Tr. 2045-46.

Plaintiff contends the supervisor contact required in training exceeded the RFC limitation and thus the RFC should have resulted in a finding of disability. ECF No. 13 at 3-5. Defendant contends the training period is short and does not require exposure to more frequent supervisor contact on an ongoing and regular basis, and the jobs therefore are not inconsistent with the RFC. ECF No. 14 at 3. This Court previously addressed a very similar issue. In *Dennis H.*, the ALJ limited the claimant to no more than occasional supervisor contact, and the vocational expert testified the training period required more than occasional contact. *Dennis H. v. Kijakazi*, No. 1:20-CV-03202-MKD, 2022 WL 1844112, at *4 (E.D. Wash. Mar. 31, 2022). The expert in that case was not asked whether

ORDER - 10

someone limited to only occasional supervisor contact was capable of completing the training period for the representative jobs, or if they would be terminated during the period due to their limitation. *Id.*

Here, the expert was asked whether an individual limited to occasional contact with supervisors would be able to make it through the required training period. Tr. 2043. In response, the expert testified the training period usually requires more than occasional contact with the supervisor. Tr. 2044. The expert stated the training period can last up to 30 days. Tr. 2043. This testimony supports a finding that someone with Plaintiff's RFC would be incapable of completing the required training period for unskilled jobs. The ALJ did not resolve this discrepancy in the vocational expert's testimony. The ALJ clarified that the training period was likely to last less than five days, and only one or two days would likely require more than occasional contact with the supervisor. Tr. 2045-46. However, the expert testified that the training period can last up to 30 days, and that she cannot say for sure how much time in the likely five required days of more significant training that an individual would likely spend with the supervisor. *Id.* Thus, the expert testified that unskilled work would require training for likely up to five days, but potentially up to 30 days, that would exceed Plaintiff's RFC.

ORDER - 11

The ALJ did not account for the expert's opinion that the training period exceeded Plaintiff's RFC and offers no explanation for the conflict between the testimony and the ALJ's decision.  As such, the Court finds the ALJ erred in rejecting the expert's opinion without explanation.

The Court notes that a limitation to occasional interaction with supervisors is not in itself generally disabling.  *See, e.g., Christensen v. Kijakazi*, 631 F. Supp. 3d 933, 941 (D. Nev. 2022) (affirming finding of non-disability for claimant whose RFC contains a limitation to occasional interactions with supervisors and coworkers); *Raymond v. Comm'r of Soc. Sec.,* No. 2:13-CV-2033-JAM-CMK, 2014 WL 5797346, at *6 (E.D. Cal. Nov. 6, 2014), report and recommendation adopted, No. 2:13-CV-2033-JAM-CMK, 2015 WL 11233040 (E.D. Cal. Mar. 23, 2015) (same); *Colunga v. Kijakazi*, No. 19-15288, 2021 WL 5986791, at *2 (9th Cir. Dec. 17, 2021) (same).  Here, the vocational expert gave testimony that indicated Plaintiff may not be able to complete the training period; the ALJ did not clarify the testimony, did not reconcile the potential inconsistency, or did not offer an explanation as to why this testimony was rejected.  Therefore, the ALJ erred at step five.

**B. Other Issues**

Plaintiff also contends the ALJ erred in his consideration of Plaintiff's symptom claims, the lay opinion evidence, and the medical opinion evidence.

ORDER - 12

ECF No. 13 at 5-21. As the Court finds remand for immediate benefits is appropriate for the reasons discussed *supra*, the Court declines to address the remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

**C. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 13 at 5-6.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020

ORDER - 13

(9th Cir. 2014) (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.  Here, the Court finds that each of the credit-as-true factors is satisfied and that remand for the calculation and award of benefits is warranted.

      As to the first element, administrative proceedings are generally useful where the record "has [not] been fully developed," *Garrison*, 759 F.3d at 1020, there is a need to resolve conflicts and ambiguities, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), or the "presentation of further evidence . . . may well prove enlightening" in light of the passage of time, *I.N.S. v Ventura*, 537 U.S. 12, 18 (2002).  *Cf. Nguyen*, 100 F.3d at 1466-67 (remanding for ALJ to apply correct legal standard, to hear any additional evidence, and resolve any remaining conflicts); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (same); *Dodrill*,

ORDER - 14

12 F.3d at 918, 919 (9th Cir. 1993) (same); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (en banc) (same).  Defendant contends further proceedings are necessary due to the need for the ALJ to resolve conflicts between medical opinions.  ECF No. 18 at 15-16.  However, the ALJ has already had two opportunities to resolve the conflicts in the medical evidence.  There are two clearly disabling opinions in the record, Tr. 1007, 1406-07, and the testifying medical expert gave an unclear opinion that could be interpreted as disabling for 2017 to 2018, Tr. 1061-62.  Plaintiff has already testified at two hearings, an expert testified, and lay opinions were submitted, along with years of medical records.  As such, the Court finds additional proceedings to further develop the record or to resolve conflicts are not necessary.

As discussed *supra*, the ALJ failed to provide any reason to reject the vocational expert's testimony that the representative jobs may have exceeded Plaintiff's RFC for a portion of the training period.  Therefore, the second prong of the credit-as-true rule is met.  The third prong of the credit-as-true rule is satisfied because if the vocational expert's testimony was credited, the ALJ would be required to find Plaintiff disabled.

Finally, the record as a whole does not leave serious doubt as to whether Plaintiff is disabled.  *Garrison*, 759 F.3d at 1021.  As discussed *supra*, there are medical and lay opinions that support Plaintiff's claims.  Plaintiff has continued

ORDER - 15

to have years of cyclical symptoms of bipolar disorder, and she is now 60 years old. Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler*, 775 F.3d at 1100 (internal citations omitted). In *Vasquez*, the Ninth Circuit exercised its discretion and applied the "credit as true" doctrine because of Claimant's advanced age and "severe delay" of seven years in her application. *Vasquez v. Astrue*, 572 F.3d 586, 593-94 (9th Cir. 2009). Here, Plaintiff is an advanced age, and her case has been pending for nearly seven years. As discussed *supra*, a limitation to occasional supervisor interaction is not generally a disabling limitation. However, the ALJ failed to reconcile the potentially conflicting testimony or give any explanation for rejecting the vocational expert's testimony in this case, and the other factors discussed herein weigh in favor of immediate benefits. As the credit-as-true doctrine is a prophylactic rule, immediate benefits are appropriate in this case.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.

ORDER - 16

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED August 14, 2023.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 17